The Honorable Jerry Moran State Senator, Thirty-Seventh District Emprise Bank Building P.O. Box 128 Hays, Kansas 67601
Dear Senator Moran:
You request our opinion on the last sentence of section 300 of chapter 239 of the 1992 Session Laws which provides, in relevant part, as follows:
 "On or before January 1, 1994, probation, parole and community corrections services shall be consolidated after review of the recommendations of a task force to be appointed by the Kansas sentencing commission."
You indicate that the 1993 legislature took no action to implement this consolidation and, consequently, you desire an opinion on the legal effect. In order to answer this query, we look at the legislative history of this particular provision.
Senate bill no. 479 (chapter 239 of the 1992 session laws) was enacted by the legislature in 1992 and is known as the sentencing guidelines act — the purpose of which is to establish determinate sentencing guidelines. This act takes effect on July 1, 1993. Section 300 the bill contains a provision concerning the consolidation of probation, parole and community corrections services.
In January of 1992, a task force on field services consolidation created by the Kansas sentencing commission recommended that consolidation of field services (which includes probation, parole and community correction services) be accomplished by creating a new state agency to administer these consolidated services. The 1992 legislature included section 284(14) in senate bill no. 479 which provided for the appointment of another task force "to make recommendations concerning the consolidation of probation, parole and community correction services." The 1992 special committee on judiciary was assigned an interim study topic, (proposal twelve) which included a provision requiring the review of the recommendations of this second task force on consolidation. A majority of the second task force recommended that consolidation take place within the department of corrections rather than a new state agency. Report on Legislative Interim Studies to the 1993 Kansas Legislature, December 1992, p. 103. The conclusions and recommendations of the special committee was that the issue of consolidation should be brought before the 1993 legislature for "full debate and consideration." p. 104. The committee recommended that the senate judiciary committee introduce a bill incorporating all the recommendations of the second task force including the one that placed consolidation in the hands of the department of corrections and the bill could "be used as a vehicle for full debate of the issues regarding consolidation." p. 104.
As originally introduced by the senate judiciary committee, senate bill no. 21 amended section 300 by changing the January 1, 1994 consolidation date to July 1, 1994. However, during committee hearings, the senate subcommittee deleted the consolidation provision in its entirety. Senate Journal 117, Feb. 4, 1993. When the bill went before the senate, Senator Kerr's motion to consolidate probation, parole and community correction services under the auspices of the secretary of corrections was rejected and the bill passed without any reference to consolidation — the effect of which was to repeal the requirement that the consolidation occur. Senate Journal 132, February 9, 1993.
The house committee made extensive amendments to the bill which included that on or before July 1, 1994 "probation, parole and community correction services shall be unified after review of the recommendations of a task force appointed by the Kansas sentencing commission or further recommendations of a task force appointed by the Kansas criminal justice coordinating commission." House Journal 585, March 25, 1993. The house amended senate bill no. 21 to include the establishment of a Kansas criminal justice coordinating committee which, among other things, is charged with reviewing "the task force recommendations concerning the unification of probation, parole and community correction services and appointing a new task force if the committee deems it necessary to further study unification." (Senate Bill No. 21, section 27, as amended by the House). On March 26, 1993, the house voted to pass senate bill no. 21 as amended. House Journal, p. 649. The senate nonconcurred and the bill died in conference committee.
The legislative history of senate bill no. 21 which was designed to implement the consolidation provision of section 300 reflects considerable ambivalence concerning whether consolidation should or should not occur — with the senate deciding no and the house deciding yes but only after further review. With this history in mind, we look at the language of section 300 which states that the various field services "shall be consolidated" but only "after review of the recommendations of a task force to be appointed by the Kansas sentencing commission." There have been two task forces to date — one which issued a report in January 1992 recommending a new state agency to oversee the consolidation and one which issued a recommendation in December 1992 that consolidation occur within the department of corrections. We believe that the "task force" referred to in section 300 is the second task force because the first task force had already issued its report (calling for a new state agency) when section 284(14) was enacted during the 1992 legislative session calling for the appointment of a task force to make recommendations concerning how to implement the consolidation. (Supplemental note on senate bill no. 21 prepared by the legislative research department).
As the legislative history indicates, the 1992 special committee on judiciary was assigned the task of reviewing the recommendations of this second task force and their recommendation was that the issue of consolidation be brought before the 1993 legislature which culminated in the ill-fated senate bill no. 21.
The obvious intent of the consolidation provision in section 300 was that the legislature would review the recommendations of the second task force and pass legislation required to implement the consolidation. (There are existing statutes dealing with the areas of probation, parole and community corrections services which would have to be amended or repealed and new statutes enacted to implement the consolidation.) This prerequisite never occurred and, therefore, the provision requiring the consolidation has no legal effect because legislation is necessary to implement any consolidation. In addition, "shall" as used in this provision is merely directory, as opposed to a mandatory instruction.State v. Doeden, 12 Kan. App. 2d 245 (1987). Statutory provisions using "shall" have been interpreted as directory when not accompanied by negative words indicating that specific acts can be done in no other manner or where there are no consequences of noncompliance. Paul v. Cityof Manhattan, 212 Kan. 381 (1973).
Consequently, it is our opinion that in the absence of legislation implementing the consolidation of probation, parole and community correction services, the "consolidation" provision of section 300 of chapter 239 of the 1992 Session Laws is a nullity.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm